Kirkpatrick, C. J.
— I think there are several reasons upon which this judgment must be reversed. I shall speak *329 of one only. One which goes not to mere matter of form, but to the very right of the action itself.
The plaintiff was one of the overseers of the highways of the township of Mendham, in the county of Morris, and this action is brought tó recover from the said township a certain sum of money by him laid out and expended, in repairing the said highways and keeping them in order. It is not pretended, that there was any special order or vote of the township for the making of these repairs, or for the laying out of more money, by the overseer, upon the said highways, than was provided by the township for that purpose.
The principal question then presents itself — Can an overseer of the highways lay out any sum in repairs, which to him may seem proper, and then call upon the township for reimbursement ?
By the 2d section of the act of March, 1798,[1] which is the first on this subject, it is made the duty of the overseer to repair, &c., unconditionally, and without any reference to the amount of money to be put into his hands. By the 3d section, it is required that the [*] money necessary for this purpose shall be granted, &c., by the township, at their stated town-meetings, and it is enjoined upon them, that they have it in hand, [254] ready to advance, &c., and by the 6th section the overseer is made liable to presentment, fine, &c., for the badness, want of repair, or deficiency of the said highways; and even if the township shall be amerced or fmed thereupon, the overseer is made liable to return the money.
Upon these provisions of this act, it has been thought, and not without some reason, that as the overseer was liable to be presented, informed against, and fined for the badness of the highways, he was obliged, at all events, to keep them in reasonable repair; and if not previously furnished with *330 money, that he must look to the township to refund what he had exhausted, and to pay his wages.
But however general the act may be in its expression, it • is hardly to be presumed that the Legislature intended to-lay such a burden upon the overseer. In many cases it would be impossible for him to bear it; he might have neither money nor credit, and, if concerned in a wayward township, might be totally ruined.
The act expressly enjoins that the township shall have money in hand ready to advance, &c., and it must have been upon this supposition that this injunction would be strictly observed, that the overseer is subjected to penalties; in short, that if he failed in repairing, it must be his own fault. The act, it appears to me, upon any other construction, would be unequal and unjust.'
I should think, therefore, that it would have been a good plea, even under this act, in case of presentment or information, to say that the township had not furnished money; and if so, the strongest argument in favor of the position, that the overseer may expend according to his own discretion, fails.
But however doubtful this construction may have been, upon the words of this act, it is now put beyond all doubt, by the act of December, 1801,[1] in which it is [*] expressly declared, that if the overseer shall make it appear that there was no money in hand, ready to be advanced, he shall be exonerated from the fine. This may be considered as a legislative explication of the first act; and this is that, too, under which the plaintiif acted. He was then under no-necessity from the provisions of the law, to go further than the money in hand would carry him; nor had he any special order or direction from the township to do so. Upon what principle, then, can he ground his action of assumpsit ? Can a man lay out money for me without my request, and then *331 call on me for payment? Can he put his judgment in the place of mine, and bind me by that judgment, [255] saying-it was beneficial to me? Let us inquire then, to whom has-the law entrusted the powers of determining, to what extent and what expense roads shall be repaired, and to what-amount the township shall be taxed for this purpose?
The act for incorporating townships, &c., I think answers this question. By the 8th section of that act, it is enacted, that the persons qualified to vote at town meetings, shall be-empowered to raise such sum or sums of money, for the opening, making, working and repairing of roads, and keeping them in order, as they, or the 'major part of them shall deem necessary; expressly giving the discretion and judgment of the matter to the township, and not to the overseer.
Besides, it is contrary to the whole theory of our institutions, to give to any one man the power of taxing the people according to his discretion.
The money laid out by the overseer, therefore, in this case, is laid out without authority. He has no action to recover it against the township.
I think, on this ground, the judgment must be reversed.
Rosseee, J. — Concurred.
Pennington, J,
— I very much lament, that the unskillful [*] wording of our acts of Assembly, should lead to a discordance of opinion on the bench; but I cannot bring my-mind to agree with my brethren in this ease.
The first objection taken by the plaintiffs in error is, that an action of assumpsit cannot be maintained against an aggregate corporation; and the reason assigned for this is, that a corporation cannot contract, unless under the seal of the corporation.[1] This is not universally true, even at common law; a corporation aggregate may appoint a steward or other servant without the corporate seal, and I apprehend that in such case, an assumpsit would be raised by implication of *332 law to pay him his salary or wages if any precise sum was fixed by an ordinance of the corporation, and if not, I can perceive no reason why a quantum meruit would not lie. In the present case, the ivhole of the proceeding is marked out by law. The inhabitants of the township, in conformity to the act of Assembly, elect to work their roads by hire; the statute directs the whole proceeding; no corporate act under seal is required or necessary to give validity to any of them.
The second error complained of is, that an action cannot be sustained by an overseer of the highway, for money expended by him, at his discretion, in repair [256] of the road; and the reason assigned for this is, that if this was the case, the town would be exposed to great indiscretion and abuse, from the overseers. In cases of doubtful construction, arguments arising from inconvenience, are entitled to great weight and consideration; but it appeal’s to me, that there can be no doubt in this case. The overseer of the highway is compelled to accept of the office, and to execute it under a penalty. The law makes it his duty to open, clear out, make, work, amend, repair and keep in good order, the highways within the limits assigned him; and to make causeways and erect such bridges as can be built by common laborers, and to procure whatever materials he may deem necessary for the purpose; and he is made [*] liable to be indicted or informed against by the Attorney-General, for the badness, want of repair, or deficiency in the highways within his’ limits; and on conviction to be fined; and even in case the township should be prosecuted and fined, in such case it may recover the fine of the overseer for his neglect; it is, to be sure, made the duty of the town to have money in hand sufficient to advance for the purposes of repairing the roads. There is not, however, any thing in the act, that goes to show that the town not advancing the money, will excuse the overseer. It is true, that by a supplement to the *333 road act, passed 2d December, 1801,[1] a new penalty is created and given against the overseers of roads, for neglect of duty; in which case, if the neglect takes place in those towns where the highways are worked by hire, the overseer is permitted to set up in his defense^ against the penalty created by this supplement, that there was not any money in his nor in the collector’s hands, for the repair of roads; in which case, the township shall be liable to the penalty created by the supplement. But I look upon this proceeding against the overseer, as an accumulative punishment; the punishment by indictment and fine is not taken away. Besides, even in this case, the overseer being destitute of money, is no excuse; for if there is money in the hands of the collector, he is still liable to the penalty — and I apprehend that he cannot maintain an action against the collector; and if not, he must have his action against the township, or lose the money which he is bound to expend; his discretion is, however, limited to reasonable expenses. That he is bound to repair the said road assigned him, Avhether he had money in his hands for that purpose or not, is apparent from the whole act, and especially the supplement, which is set up against him; for as it respects even the penalty created by the supplement, [257] he is not excused from it by the want of money in his own hands; for if money is in the hands of the collector, he is still liable to the penalty. That this is a hard law, and may operate uneqirally and unjustly, is not the concern of this court; [*] we must declare the law as we find it. That the overseer is bound to account for the money put into his hands, does not, in my apprehension, alter the case; to be sure, when money is advanced to him by the town, he is, and in reason ought to be, compelled to account for it; and that is the whole that can be collected from the 5th section of the road act.
*334 The third error complained of is, that the common pleas •did not nonsuit the plaintiff below, on account of deficiency •of evidence., 1st. That it was incumbent on the plaintiff below, to prove that the district or road on which the money was expended, had been assigned him in writing. It ■appears to me that the evidence on that head was sufficient to let the cause go to a jury; and they have found the fact. '2d. That the vote of the town meeting required the overseer to render his account under oath, and that this was not proved to b,e done. I am clearly of opinion that the town meeting had no authority to require an oath. The whole of the proceedings are regulated by statute, and the town meeting had no power to alter, or any way change them. Them power of making by-laws is confined to particular •objects; and that of requiring oaths of persons rendering accounts to them, is not one.
I am, for the above reasons, of opinion, that the judgment ■of the common pleas ought to be affirmed.
Judgment reversed.
Cited in Baptist Ch. Lower Alloways v. Mulford, 3 Halst. 182; Baptist Church v. Mulford, 3 Halst. 186; Callaban v. Inhab. of Morris Township, 1 Vr. 160, 165.

 Pat. 385, Rev. L. 621-2.

 Bloom,. 83, not published in Rev. Laws. Sed vide Ib. 626, Sec. 36.

 Vide 3 Halst. 183, 2 Kent's Com 233.

 Pam. 131. Bloom. 83.